* NATHANIEL PAINE, ESQ., Judge, &c., *versus* EPHRAIM M'INTIER.

Declarations of a *grantee* not admissible to contradict what is contained in a deed to himself. In a suit on an administration bond, *interest* allowed from the time that the judge of probate passed his decree.

THIS was an action on an administration bond brought against the defendant, one of the sureties, in the name of the judge of probate for this county, for the benefit of the seven children and heirs of *Dorcas Putney*, to recover the amount of their distributive shares in the estate of their grandfather, who was the father of the said *Dorcas;* and which the administrator had not paid, as it was said, agreeably to the decree of the judge heretofore made.

The defendant confessed the forfeiture of the bond; and upon hearing in chancery, produced a deed, executed by two of the heirs who were now prosecuting, in which they had conveyed to him all their right to the *real and personal estate* of their said grandfather; and which, so far as it respected *these heirs*, his counsel relied on as a release of the right of action on the bond.

The counsel for the heirs offered to prove that the defendant had acknowledged that a part of the estate of the grandfather to which the two grantors were entitled, was not intended to be conveyed by the deed produced, the execution of which was not denied.

But the Court (*Dana*, C. J., *Strong*, *Sedgwick*, and *Thacher*, justices) would not admit the evidence. They said it was contrary to all the rules of law on the subject; that there was no instance where parole evidence was admitted to contradict a deed, not even the declarations of the grantee operating merely against

himself; (1) parole evidence is inadmissible to *explain* a deed, unless it contain some latent ambiguity, which is not the present case. The words are *express* that these two heirs had conveyed all their right to the *real and personal estate* of their grandfather, and they are *estopped from denying it, or proving the [ *70 ] contrary in any way except by evidence of as high a nature as the deed itself. It is clear, therefore, that *they* cannot maintain the action against the defendant.

The other five heirs had judgment for the sum decreed to them by the judge of probate, *with interest from the time of passing the decree* till the rendition of the judgment in this Court. (2)

A question was made as to the *form* in which the judgment was to be entered. By the *stat. of Feb.* 15, 1787, (*stat.* 1786, *c.* 55, § 2,) it is enacted " that when it shall satisfactorily appear, upon a hearing in chancery upon an administration bond, for whose particular use and benefit the money for which execution issues is to enure; the judgment shall be rendered that the plaintiff, in his said capacity, (*naming him*), now have execution for ——, being part of the penalty forfeited and costs taxed at ——, for the use of *A. B.*, creditor or heir (*as the case may be*) of the deceased. And the person to whose use the judgment shall be rendered may sue out execution thereon, and shall be deemed and taken to be the creditor to every intent, &c. And *when there are several persons* to whose use the moneys recovered on an administration bond are to enure, there shall be *as many separate and distinct judgments* in *form* aforesaid." The Court said it was impossible to render judgment according to the *letter* of the statute, without running into the greatest absurdity. After some consideration, they directed judgment to be entered for the penalty; and that execution should issue for $379 60 cents, that is to say, $75 92 cents, part thereof for the use of *A.*; $75 92 cents, other part thereof for the use of *B.*, (*and so for the other three heirs*,) they, the said *A. B.*, &c., being the children and heirs of *Dorcas Putney*." " And it doth appear and

_____

(1) The declaration of a grantee and other circumstances have since been admitted to prove that land really included in a conveyance was not so intended by the parties; but this was an action of covenant broken to recover damages for the failure of title in respect of the land in question, and the Court distinguished the case then before them from this of *Paine* vs. *M'Intier*, the authority of which they recognized.—Post, vol. x. *Leland* vs. *Stone*. (*a*)

(2) In a subsequent case, where an action of debt was brought in the name of the judge of probate, by a creditor, against a surety in the administration bond, interest was allowed only from the time of a *demand made upon the surety*, and the Court declared that they did not hold themselves bound by the decision in this case.—vol. x. 371, *Heath* vs. *Gay*.

_____

(*a*) [The case of *Stone* vs. *Leland* has no authority to support it, and conflicts with the well-settled rules of law.—ED `

PAINE *vs.* M'INTIER.

is proved to the Court here that *I. P.* and *N. P.*, the
[ * **71** ] other * children and heirs of the said *Dorcas Putney*, have,
respectively, *released* their shares to the defendant afore-
said. It is, therefore, further considered by the Court here that
execution do not issue for their use." Something was said respect-
ing a division of the costs among those heirs who recovered ; but the
Court directed the costs to stand undivided. (*a*)

 *Bangs* and *J. Upham* for the heirs.
 *Merrick* and *F. Blake* for the defendant.

 (*a*) Since the foregoing case was decided, I have been favored with the following
*form* of a judgment rendered in a similar case, said to have been drawn up by the
Chief Justice *Sargeant*. At *Boston*, August term, 1787, *Oliver Wendell*, Esq., judge
of probate, vs. *William Penniman*.—" It is therefore considered by the Court that the
said *O. W.*, in his said capacity, recover against the said *W. P.* the sum of —— debt,
being the penalty of the bond declared on and costs ; and that the said *O. W.*, in his
said capacity, now have execution for ——, being part of the penalty forfeited, and one
*third* part of the costs, taxed at ——, for the use of ——, being heir to the estate of
—— deceased ; " (*and so for the other two heirs.*)